AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 0 6 2021
AT_____ O'CLOCK
John M. Domurad, Clerk - Plattsburgh

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>SHANNON MACAULEY<br><br><br><br>**Defendant** | )<br>)<br>)  Case No.  8:21-MJ-006 (GLF)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 2, 2019 in the county of Franklin County in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2) | Possession of child pornography |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

_____
Complainant's signature
Special Agent Chad Willard, HSI
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: JAN. 6, 2021

_____
Judge's signature

City and State:   Plattsburgh, New York          Hon. Gary L. Favro, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Chad J. Willard of United States Department of Homeland Security, Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since August 6, 2006. I graduated from the Criminal Investigator Training Program and the ICE Special Agent Training programs at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA. I am currently assigned to the HSI resident agent in charge office in Massena, NY. I have participated in investigations involving fraud, alien smuggling, narcotics smuggling, child pornography and intellectual property rights. I have conducted or participated in surveillance, execution of search warrants and debriefing of subjects. I have received specialized training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography, as defined in Title 18 United States Code, Section 2256.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for Title 18 offenses enumerated in Section 2516 of Title 18, United States Code.

3. This affidavit is made in support of a criminal complaint charging Shannon MACAULEY with violating Title 18, United States Code, Section 2252A (a)(5)(B), (Possession of child pornography).

4. The statements in this affidavit are based in part on information provided by the New York State Department of Corrections and Community Supervision, and on my investigation

of this matter. Since this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Shannon MACAULEY has committed violations of Title 18, United States Code, Section 2252A (a)(5)(B).

5. This affidavit is based upon my knowledge, my review of official records of the New York State Department of Corrections and Community Supervision and Department of Homeland Security, and upon information that I obtained from other law enforcement officers involved with this investigation.

6. On July 2, 2019, New York State Department of Corrections and Community Supervision, Parole Officers searched several parolees' rooms at the Great View Motel in Fort Covington, New York. These room searches are a standard condition of release in New York State, which the parolee agrees to when they sign their Certification of Release to Parole Supervision. The parolee agrees to the condition as follows "I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search of my person, residence and property." The occupant of one of these rooms who agreed to the above condition, Shannon MACAULEY, did not open his door when the parole officers knocked, and after the motel management opened the door, the officers found MACAULEY alone, naked on his bed with headphones on, resting his head on a cell phone. This cell phone was unauthorized, because MACAULEY's permission to possess and use a cell phone had been previously revoked by his Parole Officer.

7. The Parole Officers asked MACAULEY to get dressed and left to allow him to do this, with the door ajar. Approximately 30 seconds later they yelled for him to exit the room and

got no response and when looking into the room they found it empty, because MACAULEY had gone into the bathroom.

8. MACAULEY did not come out of the bathroom when prompted to do so by the officers. The officers opened the bathroom door and found MACAULEY stabbing himself in the abdomen with a 12-inch kitchen knife. The Parole Officers called 911 and New York State Police as they continued to try and get MACAULEY to drop the knife. He refused and continued stabbing himself in the stomach area. New York State Police arrived and eventually got MACAULEY to release the knife. An ambulance crew then entered the room and transported MACAULEY to Alice Hyde Hospital. He was later life flighted to Champlain Valley Physicians Hospital in Burlington, VT.

9. The parole officers placed the cell phone in an evidence bag and brought it to Homeland Security Investigations, Computer Forensics Agent (CFA), Jason Young in Plattsburgh, NY to investigate the contents of the phone.

10. MACAULEY, at the time of the incident, was under the supervision of New York State Department of Corrections and Community Supervision for May 21, 2002 convictions for violations of the following sections of the New York State Penal Law:

> A. Section 130.45: Criminal Sex Act – 2, Oral/Anal Sex victim under 15 years of age;
>
> B. Section 130.65-A: Aggravated Sexual Abuse-4th Degree, insertion of Foreign Object; and
>
> C. Section 263.16: Possession Sexual Performance by Child under the age of 16.

11. On May 31, 2018, MACAULEY was released to Community Supervision. One of the Special Condition of MACAULEY's release was to cooperate with any unannounced

examinations of his computers and/or electronic devices. This includes access to all the data and images stored on electronic devices.

12. The unauthorized cell phone found in MACAULEY's possession and turned over to CFA Young was an LG Model LML212VL cell phone which was found to have a SanDisk 128GB Micro SD card inserted. The LG cell phone was encrypted and unable to be immediately examined. The SanDisk 128GB Micro SD card is marked "Made in China." CFA Young examined the SanDisk Micro SD card and provided your affiant with the results of the examination.

13. Your affiant reviewed the results of CFA Young's examination of the SanDisk Micro SD card and found approximately 614 images and 109 videos that meet the definition of child pornography, as defined in Title 18 United States Code, Section 2256. Three of the files are as follows:

   A. **1561940295284.3e7a2092-4e74-46b6-a4d6-1012e4d6d6ba.jpg** - This picture file shows a pre-pubescent male child approximately 6 years of age laying on his side naked from the waist down with his legs spread open exposing his genitals. An adult male is laying behind the child also naked from the waist down with his penis inserted into the you child's rectum. The words "Fck Me Daddy" are written on the picture.

   B. **15619410293495.2cbc1ce4-8196-40db-b98975df58dff922.jpg** - This image file shows two pre-pubescent male children approximately 7 years of age laying on their sides completely naked. The children are laying in the opposite directions and have each other's penises inserted into their mouths. An adult male penis can also be seen in the picture at the bottom of the frame.

   C. **RussianBoys.mp4** - This video file shows two male children approximately 12 years of age on a bed naked. Throughout the video the two males engage in sexual conduct to include masturbation, fellatio and anal intercourse. The video is approximately 3 minutes and 45 seconds in length. The male children have very limited pubic development.

Copies of these files are available for the Court's inspection upon request.

## CONCLUSION

1.      Based on the foregoing information, there is probable cause to conclude that Shannon MACAULEY has knowingly possessed child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

Respectfully submitted,

Chad Willard
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on
January 6, 2021

Hon. Gary L. Favro
United States Magistrate Judge